**NOT FOR PUBLICATION**

**FILED**

JUL 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA CECILIA MORENO-ARIAS, | No. 24-6885 |
| Petitioner, | Agency No. A205-648-478 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2026**
Portland, Oregon

Before: GRABER, BERZON, and SUNG, Circuit Judges.

Petitioner Ana Cecilia Moreno-Arias, a native and citizen of Mexico, timely

seeks review of a decision by the Board of Immigration Appeals ("BIA")

dismissing her appeal of an immigration judge's denial of cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA's determination that Petitioner failed to show that her removal would cause "exceptional and extremely unusual hardship" to her mother, daughter, or son, each of whom is a United States citizen. 8 U.S.C. § 1229b(b)(1)(D); see Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (holding that we review for substantial evidence the question whether the BIA erred in applying the "exceptional and extremely unusual hardship" standard to the established facts). Petitioner is a loving daughter and mother who works hard to support her family. And, as the BIA recognized, Petitioner's removal undoubtedly would cause her qualifying relatives to suffer emotional and financial hardship. But the record does not compel the conclusion, see Umana-Escobar v. Garland, 69 F.4th 544, 550 (9th Cir. 2023), that such hardship would be "'substantially different from, or beyond, that which would normally be expected from the deportation' of a 'close family member,'" Wilkinson v. Garland, 601 U.S. 209, 222 (2024) (alteration adopted) (quoting Matter of Monreal-Aguinaga, 23 I. & N. Dec. 56, 65 (BIA 2001)).[1]

---

[1] To the extent Petitioner argues that the BIA failed to consider all the facts, we disagree with her reading of the decision. See Gonzalez-Juarez, 137 F.4th at 1008 (rejecting the petitioner's argument that "the BIA failed to give meaningful consideration" to certain evidence related to hardship because "the BIA [had] discussed all evidence that was highly probative or potentially dispositive"). In addition, the BIA did not err when it considered Petitioner's possible path to future lawful immigration as a factor that weighed against a finding of hardship. See Arteaga-De Alvarez v. Holder, 704 F.3d 730, 741 (9th Cir. 2012) (noting that an

**Petition DENIED.**

---

alternative means of immigrating to the United States can be a negative factor in a hardship determination).

24-6885